# ELLIOTT v. HALL.

1. The County Court has no jurisdiction of an action of trespass *qnare clausum fregit.*

Writ of Error to the County Court of Mobile.

THE writ is at the suit of Hall against Elliott, and requires the latter to appear and answer to the plaintiff in a plea of trespass. The endorsement upon the writ is, that the action is brought to recover damages done by the defendant to the plaintiff by removing locks and portions of locks from the doors, and otherwise injuring the plaintiff's house.

The declaration is in trespass, for breaking and entering into a dwelling-house of the plaintiff in the city of Mobile, and avers that the defendant took and held possession of the house for a long space of time, and that he then and there broke open divers doors and windows belonging to the said dwelling house, and removed, damaged, broke to pieces, and spoiled divers locks belonging to said doors, and wherewith the same were fastened, and other wrongs, &c.

The defendant came in proper person, and pleaded that the County Court had no jurisdiction of a plea of trespass *quare clausum fregit,* and thus, &c. Wherefore he prayed judgment if the said Court ought or would take further cognizance of the cause.

The Court overruled this plea, and thereupon the plaintiff's damages were assessed by a jury, and a judgment rendered for the amount as assessed.

The defendant assigns here as error,

1. The overruling of the plea to the jurisdiction.

2. In ascertaining the damages without first finding the defendant guilty of the trespass.

3. That the verdict and judgment do not conform to the action.

K. B. SEAWELL, for the plaintiff in error, argued, that the act

Elliott v. Hall.

of 1807, [Dig. 297, § 5,] expressly excludes jurisdiction in actions of trespass, *quare clausum fregit ;* and though afterwards, by the act of 1819, the County Court is invested with concurrent jurisdiction with the Circuit Court, of actions of trespass, this must be understood of the action of trespass, in relation to injuries to personal property. Several statutes indicate that the Legislature generally uses the terms trespass, and trespass *quare clausum fregit,* as entirely distinct. [Digest, 320, § 43 ; Id. 297.]

The act of 1819 does not repeal that of 1807. [Dwarres on Statutes, 574, 699, 700, 701 ; Dose v. Grey, 2 Term, 365 : 11 East, 377 ; Foster's case, 11 Rep. 63.]

The verdict and judgment do not respond to the action. [Moody v. Keener, 7 Porter, 218.]

CAMPBELL, contra, insisted that the act of 1819 confers a general jurisdiction over all actions of trespass. There is no reason why the County Court should not have this jurisdiction, as the title rarely comes in question in this form of action. But the action here is not confined to the breaking and entry of the house, but is also to recover for the injury done to the goods and chattles.

The plea is bad, because it assumes to answer the entire action, but in truth, only answers a part. [1 Chitty's Pleading, 163, 523.]

GOLDTHWAITE, J.—When the County Court was established in 1807, it was excluded from all jurisdiction over real actions, actions of ejectment, and of trespass *quare clausum fregit.* [Dig. 207, § 5.] When this Court was reconstituted in 1819, it was invested with concurrent jurisdiction with the Circuit Court, of all actions of debt, assumpsit, case, covenant, trespass, and assault and battery. [Ib. § 7.] We think the evident intention of the Legislature, by the use of the term trespass in this connexion, was, to invest the Court with jurisdiction of the action of trespass, as a remedy for injuries to personal property, and that the exclusion prescribed by the act of 1807, yet continues. In many of the States, trespass *quare clausum fregit* is the common action in which the title to real estate is determined ; and even with us is permitted for that purpose. Whatever reason may have induced this exclusion in the first instance, it seems clear that no attempt

has ever been made to authorise that Court to take cognizance of suits involving an enquiry into the title of land.   In the form of action here presented, this might form the prominent subject for investigation, as the defendant, under the general issue, would be permitted to show title in himself; and by a plea of *liberum tenementum*, could compel the plaintiff to new assign, and select the specific boundaries of that alledged to be trespassed upon.   [1 Chitty, 496.]

As the Court had no jurisdiction of so much of the action as is for breaking the close, it is unnecesary to consider whether the plea answers that part of the count which asserts the breaking and destroying of the personal chattels, as there is but one count, and that for a matter without the jurisdiction.

The judgment must be reversed and remanded, as it is possible from the form of the writ, that a proper count in trespass may be framed on it.

Reversed and remanded.